No. 5654.

## GEORGE H. KAUL vs. E. N. EVANS, ET AL.

### Syllabus.

Where it is a matter of appreciating the probative value of testimony, and not a question of the credibility of witnesses, the findings of the trial Judge will not be taken as conclusive.

Appeal from the Civil District Court, for the Parish of Orleans, Division "A," No. 86,040. Hon. T. C. W. Ellis, Judge.

E. A. Parsons, for plaintiff and appellant.

Collins & Kittridge, Marrero, Jr., S. A. Montgomery & Dressner, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

This is a suit on a promissory note for the sum of $203.90 and interest, drawn and subscribed by the Evans Mf'g. Co., to the order of E. N. Evans, and duly endorsed by said E. N. Evans. It is dated January 31st, 1908, and payable sixty days after date. At maturity the maker had gone into the hands of a receiver and the note was dishonored and duly protested.

The only matter with which we are concerned is the special defense set up by the endorser, which is in substance as follows: That defendant repeatedly urged the attorney for plaintiff to file his claim against the receivership and that plaintiffs said attorney repeatedly promised said defendant that he would do so; that defendant, relying on said repeated assurances, did not take the steps he could and would otherwise have taken to protect himself against loss; that said attorney failed or neglected to comply with his agreement until too late to recover anything in said receivership proceedings; that said receivership

paid 80% of all claims against it, which 80% was thus lost to defendant; that at the urgent solicitation of said attorney, and upon his representation that plaintiff was in urgent need of money, defendant "handed plaintiff's said attorney a $100 bill on or about September 1st, 1908, which it was expressly understood was not to be considered as a payment on account, but on the contrary it was agreed that said $100 was not to be credited on the note herein sued on, and. that the said attorney would press the collection of said note in full against the receiver, and if the entire amount was realized from the receivership then this $100 which defendant had advanced was to be returned to him, and in the event that only a part of the amount of the note was recovered, defendant would be returned such part of the $100 as might be left after deducting therefrom the difference between the amount of the note and the amount received by plaintiff from the receivership." And defendant fixes the balance in his favor at $54.97 for which he asks judgment in reconvention.

The testimony of the defendant is substantially in accord with his answer. He declared that the $100 was paid on the street and that he took no receipt for the same. Referring to dates and being shown a copy of a certain receipt for $100 dated December 26th, 1908 (mentioned hereafter), defendant declared that it did not serve to refresh his memory, that he had no knowledge thereof at all, and had never seen or heard of it before, and then:

"I am not definite as to the date but I think ·the September date is more nearly correct. I am the more sure that the September date is correct, but I was fixing to get married on the 16th of September, and to leave for New York, and I had several of those $100 bills locked in my vault at the bank, preparatory to leaving for New York, and I carried two or three of them with me, and I have no recollection

of having such sized bills of money locking in my bank box at the Cosmopolitan Bank after my return from New York.'' (The underscoring is ours.)

On the other hand, plaintiff's attorney testified that in addition to this note, he had in his hands for collection another claim for the same plaintiff against this defendant amounting to $50.08, being for groceries for the months of March and April, 1908, for which he had demanded payment and threatened suit by letter of November 19th, 1908. That on December 26th, 1908, after repeated promises to pay, defendant agreed on the street to make a payment of $100, and did make such a payment, going for that purpose to defendant's own office, where witness was handed a $100 bill; that defendant asked and was given a receipt therefor, and at the same time witness took a copy of said receipt on **one of defendant's own business letter heads;** which copy of receipt was produced and showed that of the $100 received, $50.08 was to be credited on the March and April bill, and $49.92 on account of the note herein sued on.

The witness further testified that it was then, and then only, that defendant asked him to try to get something out of the receivership; to which witness agreed, but as it afterwards developed, it was then too late, the receiver having already distributed the funds.

On the evidence thus given the trial Judge found for defendant on the main demand, and for plaintiff on the reconventional demand. That is to say, **he dismissed both the main demand and the reconventional demand.** From which judgment plaintiff appeals, and defendant has not answered his appeal.

The defense being a special one the burden of proof rested on defendant, and this he has not discharged.

Allowing equal credit for good faith to both witnesses, it is clear from the above underscored portions of defend-

— 74 —

ant's testimony, from his complete failure to recollect that a receipt was given him, and his inability to refresh his memory from a copy of said receipt on his own stationery, that his own recollections of these matters, three years after their occurrence, was far less distinct than that of counsel who testified from documents, the genuineness of which is not, and cannot be disputed.

And as this presents simply a matter of appreciating the probative value of the testimony, and not a question as to the credibility of the witnesses, we do not feel bound by the conclusions of the District Judge. The more so as to the disposition which he has made of the case evidences some uncertainty in his mind as to the actual facts.

For the reconventional demand was inseparable from the special defense; if the one was established, so was the other. We think that neither was established with the legal certainty required of one who carries the burden of proof.

These being our conclusions of fact we find it unnecessary to discuss other questions which arose during the argument.

It is therefore ordered adjudged and decreed, that the judgment appealed from be reversed, and it is now ordered that there be judgment in favor of plaintiff George H. Kaul, and against the defendant E. N. Evans, for the full sum of two hundred and three 90/100 dollars ($203.90) with 8% interest from January 31st, 1908, until paid, $3.50 protest fees, and the costs of both Courts; subject however to a credit of forty-nine 92/100 dollars ($49.92), to be imputed as of date December 26th, 1908.

Judgment reversed.

Opinion and decree, January 13th, 1913.